IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                           EASTERN DIVISION

Larry F. Rosshirt, III,

    Plaintiff,

  v.                               Case No. 2:19-cv-3280

Commissioner of
Social Security,

    Defendant.

                            OPINION AND ORDER

    Plaintiff Larry F. Rosshirt, III, brings this action under 42 U.S.C. §405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income.  In a decision dated July 2, 2018, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of bipolar disorder, an attention deficit disorder, degenerative disc/joint disease of the spine, and residual right hand grip deficit.  PAGEID 165.  The ALJ found that plaintiff's residual functional capacity ("RFC") would permit him to perform light work, with some physical restrictions, and with the following mental restrictions:

> The claimant could understand, remember, and carry out simple, repetitive tasks and respond appropriately to supervisors and coworkers without public contact and with occasional interaction with coworkers.  The claimant would be able to adapt to simple changes and avoid hazards in a setting without strict production quotas.

PAGEID 167.   After considering the testimony of a vocational expert, the ALJ decided that there were jobs which plaintiff could perform and that plaintiff was not disabled.  PAGEID 177-178.

    This matter is before the court for consideration of plaintiff's Aril 9, 2020, objections to the March 26, 2020, report

and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Objections

A. Failure to Address Traumatic Brain Injury

Plaintiff first argues that the ALJ erred in failing to specifically address whether his alleged traumatic brain injury ("TBI") in 2002 was a severe impairment, and to account for this injury in formulating plaintiff's RFC. The magistrate judge noted that although the ALJ did not specifically mention plaintiff's TBI at step two of the analysis, he later reviewed and analyzed the symptoms which plaintiff alleged he continued to suffer as a result of that injury and reduced plaintiff's RFC accordingly. The court agrees with the conclusion of the magistrate judge that there was no error in the ALJ's analysis.

Under 20 C.F.R. §404.1520(a)(4)(ii), at step two of the five-step analysis, the Commissioner must determine whether the claimant has a severe impairment. A medically determinable impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and must be established by medical evidence consisting of signs, symptoms, and laboratory findings, and not by symptoms alone. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 698 (6th Cir. 2006); 20 C.F.R. §404.1508. A mere diagnosis is insufficient to establish a medically determinable impairment. *See* 20 C.F.R. §404.1508; *Hill v. Comm'r of Soc. Sec.*, 560 F.App'x 547, 551 (6th Cir. 2014)(disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it). Only evidence from acceptable medical sources can establish a medically determinable impairment. 20 C.F.R. §404.1513(a). The ALJ need not find credible a

3

claimant's subjective complaints or medical assessments which are not supported by the medical evidence or the record as a whole. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Plaintiff bears the burden of proving the existence of a medically determinable impairment. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

It is not surprising that the ALJ did not address whether plaintiff's TBI was a severe impairment, as plaintiff did not identify any functional impairments stemming from a TBI as a basis for his disability application. *See* PAGEID 100 ("Claimant alleges disability as of 09/17/2002 due to bipolar disorder, ADD, #% loss to right hand, and back, neck, & ankle injuries."). Some medical records mention defendant's reports of a TBI in 2002. *See* Ex. 2F, Treatment Note of Amanda Rush dated January 14, 14, PAGEID 500 (noting that plaintiff's impulsivity and agitation spiked after TBI in 2002); Ex. 4F, report of Margaret G. Smith, Ph.D., PAGEID 506 (noting that plaintiff suffered a twisted ankle and fell while on crutches, and that he thought he had a concussion because he could not remember anything the next day); Ex. 6F, Treatment Note of David Allen Kageorge, M.D., PAGEID 529 (noting that plaintiff had a history of a TBI in 2002); Ex. 8F, Hospital Intake Assessment dated June 1, 2016, PAGEID 541 (plaintiff reported that he had a TBI due to a fall while he was in college which was not treated at the time of the incident). However, no contemporaneous medical records from the 2002 accident are included in the record.

Plaintiff was seen by Dr. Kageorge on January 5, 2016, for a consultative examination to determine whether plaintiff was suffering any effects from his reported TBI. Dr. Kageorge referred

plaintiff to Dr. Elizabeth A. Cook, Ph.D., a psychologist, for a TBI consultation. Ex. 11F, PAGEID 608. In her April 6, 2016, report of the consultative examination, see Ex. 11F, PAGEID 612-614, Dr. Cook noted that plaintiff did not receive treatment after his fall and was not diagnosed until several months after his return home from college. Dr. Cook reported that during the consultation, plaintiff's information was scattered and vague, and that he had limited insight and difficulty keeping track of the conversation. Dr. Cook also interviewed plaintiff's sister, who stated that plaintiff's personality changed around the time of the injury; however, his sister also said that this personality change may have preceded the TBI (Dr. Cook noted that plaintiff had a strong family history of bipolar disorder). Dr. Cook diagnosed a concussion with loss of consciousness of thirty minutes or less and bipolar affective disorder, but did not specifically indicate whether any of plaintiff's mental symptoms were attributable to the TBI. Dr. Cook's report, based largely on plaintiff's less than clear reporting of an event which occurred over ten years in the past, was insufficient to establish that plaintiff continued to suffer from severe functional impairments as a result of the alleged TBI. The ALJ did not err in failing to find at step two that the alleged TBI resulted in any severe functional impairments.

Even assuming that the ALJ should have discussed plaintiff's alleged TBI at step two, any error from this omission was harmless. Step two is the means by which the Commissioner screens out totally groundless claims, see *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985), and is a "*de minimis* hurdle," see *Higgs v. Bowen,* 880 F.2d 860, 862 (6th Cir. 1988). Where an ALJ finds at

least one severe impairment and considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009)(citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

The TBI itself did not constitute a severe impairment; rather, it would be any functional limitations caused by the TBI which would be relevant to the disability determination. Plaintiff now alleges that his TBI contributed to his impulsivity, agitation, memory loss, poor attention span, and limited executive functions. However, those same symptoms were referred to in the medical records which documented plaintiff's treatment for attention deficit and bipolar disorders. The ALJ discussed these treatment records at length. For example, the ALJ noted that, on occasion, despite his medication regimen, plaintiff had breakthrough symptoms of agitation and irritable mood, with distraction; being quick to anger; an anxious and agitated affect, with quickness to irritation; limited judgment and behavioral control; and easy stress. PAGEID 170. The ALJ thoroughly discussed the presence and absence references to those symptoms in the treatment records and considered them in devising plaintiff's RFC. Plaintiff's first objection is not well taken.

B. Consideration of Dr. Cook's Opinion

Plaintiff argues that the ALJ failed to offer sufficient reasons for assigning only some weight to the opinion of Dr. Cook. In her report of the April 6, 2016, consultative examination, Dr. Cook concluded that plaintiff demonstrated cognitive and behavioral compromise; his attention, memory and executive functions were poor;

he was angry, irritable, easily stressed, and impulsive; and his behavioral control was extremely limited. Ex. 11F, PAGEID 612. Dr. Cook noted the report of plaintiff's sister that he had much better behavioral control after medication was prescribed in February, 2016. Dr. Cook found that plaintiff was not able to manage money, and observed that it took him eight years to complete an associate's degree as an auto technician. Dr. Cook recommended that long term disability should be considered. PAGEID 613. Dr. Cook concluded that plaintiff's memory (recent and remote), attention and concentration were impaired. PAGEID 614.

The magistrate judge concluded that the ALJ gave adequate reasons for assigning only some weight to this opinion. This court agrees with the magistrate judge's analysis. Because Dr. Cook was a consultative examiner, the ALJ was not obligated to give "good reasons" for the weight assigned to his opinion. *Ealy*, 594 F.3d at 514; *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). A formulaic recitation of factors is not required. *See Friend v. Comm'r of Soc. Sec.*, 375 F.App'x 543, 551 (6th Cir. 2010). An ALJ's failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004). Review of the ALJ's explanation for rejecting an expert opinion need not be confined to a single paragraph. *See Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439-41 (6th Cir. 2010)(ALJ may accomplish the goals of the "good reasons" requirement by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)(review of the Commissioner's findings must be based on the

record as a whole).

The ALJ noted that Dr. Cook's opinion was based on a one-time neurological consultation. PAGEID 174. He correctly stated that the determination of disability is one reserved for the Commissioner. *See* 20 C.F.R. §416.927(d)(1); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007). The ALJ gave some weight to the limitation on managing money, as the record supported a history of manic episodes of excessive spending. PAGEID 174. The ALJ further observed that although plaintiff exhibited allegedly disabling limitations during the consultative examination, plaintiff had good eye contact and linear/goal-directed thoughts and showed intact insight, judgment, average intelligence, and intact memory and concentration at a treatment session the previous month. PAGEID 174 (citing Exhibit 7F, p. 3).

Although the ALJ specifically discussed only one recent treatment note in the paragraph assigning weight to Dr. Cook's report, he also found that the disability limitations expressed by Dr. Cook were not consistent with the outpatient treatment notes of record. PAGEID 174. The ALJ's decision includes a thorough discussion of the treatment notes in the record, including reports that: in 2013, plaintiff's symptoms were controlled with medication and his judgment and impulse control were intact; in 2014, plaintiff was oriented and showed normal affect; in 2015, plaintiff admitted that he was doing well with his prescription medications; in 2016, plaintiff reported that he was doing very well and showed logical thought processes with normal cognition; and in 2017, he was compliant with medication, demonstrated normal thought content, cognition and good judgment, and showed no evidence of hyperactivity

or attention and memory problems. PAGEID 169-171. In addition to considering plaintiff's treatment records, the ALJ also noted that after the alleged onset date, plaintiff attended school (he obtained an associate's degree) and applied for and secured employment with more than one employer; and that plaintiff's daily activities included caring for the family dog, being outside and riding in a golf cart, visiting friends, driving to the store, managing his medication, and performing household chores. PAGEID 172, 174.

Plaintiff argues that the ALJ erred in his analysis of Dr. Cook's opinion by "cherry picking" evidence from the record which reported favorable exam results. Plaintiff cites treatment notes which document undesirable symptoms. The court notes that the findings of the ALJ are not subject to reversal merely because there exists substantial evidence on the record to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). In addition, a "cherry picking" argument is seldom successful because crediting it would require a court to re-weigh record evidence. *See DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 723 (6th Cir. 2014). In *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284-85 (6th Cir. 2009), the court noted that a cherry picking argument cuts both ways, as the plaintiff also cherry picks the data, and that the cherry picking process "can be described more neutrally as weighing the evidence."

In any event, the court sees no evidence of cherry picking in this case. Although the ALJ commented on normal examination results, he also cited multiple examples of reports of undesirable symptoms. For example, the AlJ noted: in 2013, plaintiff reported issues with attention; in 2014, plaintiff was noted to be

9

hyperactive, with breakthrough symptoms of agitation and irritable mood with distraction and being quick to anger; in 2015, plaintiff was noted to have an anxious and agitated affect, with quickness to irritation; and in 2016, plaintiff reported an angry mood and showed limited judgment and behavioral control.  PAGEID 169-170.  The ALJ found that moderate limitations, including breakthrough symptoms of inattention, anger, frustration and stress intolerance, were supported by the totality of the evidence of record, and he accommodated those symptoms in the RFC.  PAGEID 171-176.

The ALJ did not err in his consideration of Dr. Cook's opinion.

### III. Conclusion

In accordance with the foregoing, the court concludes that the ALJ's finding of nondisability is supported by substantial evidence.  The plaintiff's objections (Doc. 18) are denied.  The court adopts and affirms the magistrate judge's report and recommendation (Doc. 17).  The Commissioner's decision is affirmed, and this action is dismissed.  The clerk shall enter final judgment affirming the decision of the Commissioner.

It is so ordered.

Date: August 11, 2020            s/James L. Graham
                                 James L. Graham
                                 United States District Judge